# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 09-180V
## (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| JUSTIN W. GERHARDT, | \* | |
| | \* | |
| Petitioner, | \* | Filed:  November 5, 2014 |
| | \* | |
| v. | \* | Decision; Interim Attorneys' |
| | \* | Fees & Costs |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Julia McInerny*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### INTERIM ATTORNEYS' FEES AND COSTS DECISION[1]

On March 23, 2009, Justin Gerhardt filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] After Petitioner filed medical records in support of his claim, Respondent indicated (in a Rule 4(c) Report filed on August 28, 2009) that Petitioner had failed to provide preponderant evidence that the tetanus-diphtheria, measles-mumps-rubella, meningococcal, hepatitis A, hepatitis B, and trivalent flu vaccinations that he received on January 22, 2007 caused his alleged injuries. *See* Respondent's Rule 4(c) Report, (ECF No. 15) at 2, 14. The parties subsequently attempted to resolve this matter informally for

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

over three years, to no avail. *See* Order (ECF No. 71) at 1. After filing an expert report on November 1, 2013 (ECF No. 84), Petitioner filed a request for an award for interim attorneys' fees and costs on November 7, 2013 seeking $127,531.07 (Application for Award of Interim Attorney's Fees and Reimbursement of Costs (ECF No. 86) at 1), which Respondent opposed (Response to Motion for Attorneys' Fees (ECF No. 87) at 8). On January 15, 2014, Respondent filed a supplemental Rule 4(c) Report as well as a request for a ruling on the record  (ECF No. 90) to which Petitioner subsequently responded (ECF No. 91). Petitioner then filed a supplemental expert report. ECF No. 94. Thereafter, on August 29, 2014, I issued a ruling finding that Petitioner had established that he was entitled to compensation for his encephalitis and related illnesses. Ruling on Entitlement (ECF No. 95) at 17. I also issued a separate damages order at that time. Damages Order (ECF No. 96).

On September 12, 2014, Petitioner filed a renewed motion for an award of interim attorneys' fees and costs requesting $131,907.82. ECF No. 97. During a status conference on October 1, 2014, I asked the parties to confer regarding Petitioner's pending and renewed motions of interim attorneys' fees and costs to see if settlement of this issue was feasible. Order (ECF No. 99) at 1.

Thereafter, on October 4, 2014, the parties filed a stipulation regarding attorney's fees and costs. ECF No. 101. The parties now agree that Petitioner's counsel should receive a lump sum of $125,307.87, for all interim attorneys' fees and costs to date in the form of a check payable to Petitioner and Petitioner's counsel. This amount represents a sum to which Respondent does not object. In addition, in compliance with General Order #9, Petitioner's attorney has noted that Petitioner is not seeking interim out-of-pocket expenses at this time.

I approve the requested amount for interim attorneys' fees and costs as reasonable, given the history of this matter and its complexity. Accordingly, an award of $125,307.87 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Richard Gage, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]


**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.