# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 09-180V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JUSTIN W. GERHARDT, | Filed: March 23, 2015 |
| | |
| Petitioner, | Decision by Proffer; Damages; Tetanus-Diphtheria ("Td") Vaccine; Measles-Mumps-Rubella ("MMR") Vaccine; Influenza ("Flu") Vaccine; Meningococcal Vaccine; Hepatitis A Vaccine; Hepatitis B Vaccine |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Julia McInerny*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 23, 2009, Justin Gerhardt filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered encephalitis as a result of the tetanus-diphtheria ("Td"), measles-mumps-rubella ("MMR"), meningococcal, hepatitis A, hepatitis B, and trivalent influenza ("flu") vaccines he received on January 22, 2007.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.


In her Rule 4(c) report, filed on August 28, 2009, Respondent opined that this case was not appropriate for compensation. The parties subsequently engaged in settlement negotiations, including an unsuccessful attempt at resolving this case though Alternative Dispute Resolution ("ADR"). After Petitioner's filing of an expert report, Respondent requested a ruling on the record in lieu of filing her own expert report. On August 29, 2014, I issued a ruling on entitlement finding that Petitioner had established that he was entitled to compensation for the injury, and I subsequently issued an order indicating that this case was ready for the damages phase. This ADR was successful, and thereafter, this case was again referred to ADR (this time with regards to the issue of damages). On March 20, 2015, Respondent filed a proffer proposing an award of compensation.

I have reviewed the file and proffer, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $2,345,712.09, representing compensation for life care expenses expected to be incurred during the first year after judgment ($31,998.80), lost earnings ($2,063,713.29), and pain and suffering ($250,000.00), in the form of a check payable to Petitioner, Justin W. Gerhardt. Proffer § 2 (A); and

- An amount sufficient to purchase an annuity contract, subject to the conditions described in the attached proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached to the proffer, paid to the life insurance company from which the annuity will be purchased. Proffer § 2 (B).

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| JUSTIN W. GERHARDT, | ) ) ) | |
| Petitioner, | ) ) | No. 09-180V |
| v. | ) ) ) | Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Items of Compensation**

   A.   Life Care Items

The respondent engaged life care planner Laura Fox, MSN, RN, CNCLP, and petitioner engaged Liz Kattman, M.S. and Helen M. Woodard, M.A., to provide an estimation of Justin W. Gerhardt's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the special master's Ruling on Entitlement filed August 29, 2014.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Justin W. Gerhardt, attached hereto as Tab A.[1]  Respondent proffers that Justin W. Gerhardt should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

B. <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Justin W. Gerhardt has suffered a past loss of earnings and will continue to suffer a loss of earnings in the future. Therefore, respondent proffers that Justin W. Gerhardt should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Justin W. Gerhardt's lost earnings is $2,063,713.29. Petitioner agrees.

C. <u>Pain and Suffering</u>

Respondent proffers that Justin W. Gerhardt should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. <u>Past Unreimbursable Expenses</u>

Petitioner has provided no documentation supporting his expenditure of past unreimbursable expenses related to his vaccine-related injury.

E. <u>Medicaid Lien</u>

Petitioner represents that there are no Medicaid liens outstanding against him.

II. **Form of the Award**

The parties recommend that the compensation provided to Justin W. Gerhardt should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.  A lump sum payment of $2,345,712.09, representing compensation for life care expenses expected to be incurred during the first year after judgment ($31,998.80), lost earnings ($2,063,713.29), and pain and suffering ($250,000.00), in the form of a check payable to petitioner, Justin W. Gerhardt.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Justin W. Gerhardt, only so long as Justin W. Gerhardt is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

>    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
>    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
>    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
>    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Justin W. Gerhardt, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Justin W. Gerhardt's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.   Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---|
| A. | Lump Sum paid to petitioner, Justin W. Gerhardt: | **$2,345,712.09** |
| B. | An amount sufficient to purchase the annuity contract described above in section II. B. | |

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

<u>JULIA W. MCINERNY</u>
Julia W. McInerny
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 353-3919

Dated: March 20, 2015

**Appendix A: Items of Compensation for Justin Gerhardt**                                                                                    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2015 | Compensation Years 2-10<br>2016-2024 | Compensation Year 11<br>2025 | Compensation Years 12-20<br>2026-2034 | Compensation Year 21<br>2035 | Compensation Years 22-23<br>2036-2037 | Compensation Years 24-33<br>2038-2047 | Compensation Years 34-Life<br>2048-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% |   | M | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 |   |
| Medicare Part B Deductible | 5% | * |   |   |   |   |   |   |   |   |   |
| Primary Care | 5% | * |   |   |   |   |   |   |   |   |   |
| Physical Medicine & Rehab | 5% | * |   |   |   |   |   |   |   |   |   |
| Psychiatry | 5% | * |   |   |   |   |   |   |   |   |   |
| Gastroenterology | 5% | * |   |   |   |   |   |   |   |   |   |
| Psych Counseling | 5% | * |   |   |   |   |   |   |   |   |   |
| Neuropsych | 5% | * |   |   |   |   |   |   |   |   |   |
| PT | 4% | * |   |   |   |   |   |   |   |   |   |
| Bupropion | 5% | * |   |   |   |   |   |   |   |   |   |
| Omeprazole | 5% | * |   |   |   |   |   |   |   |   |   |
| Risperidone | 5% | * |   |   |   |   |   |   |   |   |   |
| Trazondone | 5% | * |   |   |   |   |   |   |   |   |   |
| Aide Assistance | 4% |   | M | 27,740.00 | 27,740.00 | 27,740.00 | 27,740.00 | 27,740.00 | 27,740.00 | 55,480.00 | 55,480.00 |
| Case Mngt | 4% |   |   | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 |
| GPS | 4% |   |   | 175.00 |   | 175.00 |   | 175.00 |   |   |   |
| Memory Tools | 4% |   |   | 200.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Lost Future Earnings |   |   |   | 2,063,713.29 |   |   |   |   |   |   |   |
| Pain and Suffering |   |   |   | 250,000.00 |   |   |   |   |   |   |   |
| Annual Totals |   |   |   | 2,345,712.09 | 31,723.80 | 31,898.80 | 31,723.80 | 31,898.80 | 31,723.80 | 59,463.80 | 58,205.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($31,998.80), lost earnings ($2,063,713.29), and pain and suffering ($250,000.00): $2,345,712.09.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

Appendix A, Proffer